UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Gabriel Kershaw,

                            Plaintiff,

vs.                   )   Civil Action No. 4:18-1176-BHH

Chief Deputy Larry Abraham,
Lt. McArthur,
1st Sgt. Vivian Clar,         )  **OPINION AND ORDER**
1st Sgt. Cooper,

                        Defendants.

Gabriel Kershaw ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Chief Deputy Larry Abraham, Lt. McArthur, 1st Sgt. Vivian Clar, 1st Sgt. Cooper ("Defendants"), alleging violations of his constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers for pretrial handling and a Report and Recommendation ("Report"). (ECF No. 16.) Plaintiff filed objections (ECF No. 28) to the Report, and the matter is now ripe for consideration. The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Comprehensive recitation of law and fact exists there.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

In his Report, Magistrate Judge Rogers recommends that the Court summarily dismiss this action without prejudice for failure to state a claim. The Court has carefully reviewed Plaintiff's objections and finds that they fail to direct the Court to any specific error in the Magistrate Judge's proposed findings and recommendation. Rather, Plaintiff's objections merely restate or expound upon points raised in the complaint that were found to be without merit in the Report. (*See* ECF No. 28.) Nevertheless, out of an abundance of caution, the Court has conducted a *de novo* review of the Report and the record. The Court finds Plaintiff's

objections to be without merit and hereby overrules them. The Report fairly and accurately summarizes the facts and applies the correct principles of law. The Court agrees with the analysis of the Magistrate Judge and finds no error therein.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 28, 2018
Greenville, South Carolina